UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARINDER F. SUDHIR,<br><br>Plaintiff,<br><br>v.<br><br>NEW REZ LLC,<br><br>Defendant. | Case No.  25-cv-08474-JSC<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 34 |

Before the Court is the unopposed motion of G. Thomas Martin, III and Nicholas J. Bontrager to withdraw as counsel for Plaintiff.  (Dkt. No. 34.)  Upon review of the moving papers, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the June 18, 2026 hearing.

Under this District's Local Rule 11-5:

> (a) Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case.

> (b) When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

N.D. Cal. Civ. L.R. 11-5(a), (b).  Counsel attests they and Plaintiff have a "material disagreement over case valuation" which is "fundamental to the continued prosecution of this case" and has "severely limited the ability to provide adequate representation."  (Dkt. No. 34-2 ¶ 4.)  The

United States District Court
Northern District of California

disagreement has caused a "breakdown in the attorney-client relationship," making it "'unreasonably difficult for [counsel] to carry out the representation effectively.'" (*Id.* ¶¶ 2, 4 (quoting Cal. R. of Professional Conduct 1.16(b).)

Counsel has shown the requirements for withdrawal are met and Plaintiff has not filed an opposition, so the Court GRANTS counsel's motion. Counsel attests to a "breakdown in the attorney-client relationship" permitting withdrawal under California law and, as of May 13, 2026, "Plaintiff has been provided with" the motion, supporting documents, and "his entire file." (*Id.* ¶¶ 5-6.) So, counsel has provided "written notice, reasonably in advance, to the client" of withdrawal. N.D. Cal. Civ. L.R. 11-5(a). However, "substitute counsel" has not appeared and Plaintiff has yet not appeared on his own behalf, so the Court grants the motion "subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." *Id.* L.R. 11-5(b).

The further case management conference on **July 22, 2026 at 2:00 p.m. via Zoom video** remains on calendar. An updated joint case management conference statement is due one week in advance. Plaintiff is advised that if new counsel has not made an appearance before that date, he *must* appear on his own behalf. As Plaintiff is currently without representation by a lawyer, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Legal Help Center for free assistance; he can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 34.

**IT IS SO ORDERED.**

Dated: June 9, 2026

_Jacqueline Scott Corley_

JACQUELINE SCOTT CORLEY
United States District Judge